UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VEGA SILAH SAN. LTD. STI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADCO SALES, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 10-11793-JLT |

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

September 20, 2011

SOROKIN, M.J.

On August 30, 2011, the Plaintiff filed a Motion for Preliminary Injunction in which it seeks to enjoin the Defendants from selling or disposing of the 381 guns delivered by the Plaintiff to the Defendant. Docket # 10.

The time for filing a response to this motion has passed without the Defendant filing any response. The four requirements for injunctive relief are familiar. To obtain relief, the Plaintiff must establish (1) that it has a substantial likelihood of success on the merits; (2) that it is subject to a significant risk of irreparable harm absent injunctive relief; (3) that the balance of hardships leans in its favor; and (4) that granting the injunction will not negatively affect the public interest. McGuire v. Reilly, 260 F.3d 36, 42 (1st Cir.2001). On the record before the Court, the Plaintiff has established all four elements.

Accordingly, I recommend that the Court:

(1) enter the following order;

Defendant and its agents are hereby ENJOINED from selling or disposing of all guns received from Plaintiff which are under the possession, custody or control of the Defendant or its agents. Within fourteen days of this Order Defendants shall file a report with the Court identifying each such gun and its location.

(2) and ALLOW the Motion for Preliminary Injunction (Docket #10).[1]

*The recommendation is accepted and adopted*
*/s/ Tauro D J 11/1/11*

/s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).